**Affirmed and Opinion filed August 8, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00600-CR

---

### RICHARD RYAN BLACK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 355th District Court
Hood County, Texas
Trial Court Cause No. CR11033**

---

### O P I N I O N

Appellant Richard Ryan Black appeals the revocation of his community supervision, complaining that the trial court abused its discretion by finding he

committed a criminal offense and that a condition of his community supervision violated his due process rights. We affirm.[1]

## *Background*

In November 2008, Black pleaded guilty to possession of marijuana in an amount of over four ounces and under five pounds, a state jail felony. The trial court deferred an adjudication of guilt and placed Black under community supervision for five years. His deferred adjudication included many standard conditions, including the requirements not to commit any other offenses and to report any arrests to his supervising officer within five days. Black twice pleaded "true" to violating the terms and conditions of his community supervision for, among other things, public intoxication, driving while intoxicated, and using marijuana and alcohol. The trial court added conditions to Black's deferred adjudication, including a 60-day jail sentence for the first violation, and continued his community supervision for each violation.

On February 17, 2012, at approximately 1:00 a.m., an officer observed Black driving at 57 miles per hour in a 40 mile-per-hour zone. The officer followed Black to where he parked in front of a closed convenience store in a high-crime area. After Black pulled away from the convenience store, the officer activated her lights and pulled Black over. The officer testified that Black, who was alone in the vehicle, had dilated pupils and red and inflamed eyes; had sprayed cologne inside the car as the officer approached; appeared nervous (e.g., his pulse was pounding in his neck, and he made furtive gestures); would not respond to questioning; and initially refused to exit the vehicle. Black also made an unsolicited comment that

---

[1] This appeal was transferred by order of the Supreme Court of Texas to this court from the Fort Worth Court of Appeals.

he would not consent to a search of his vehicle. The officer requested a canine unit. Upon arriving at the scene, the police canine alerted the presence of contraband at the trunk of Black's car, where officers discovered 0.5 ounces of marijuana. The canine did not alert on the driver's side door or appellant himself. The marijuana was hidden inside multiple plastic bags inside a nylon bag. Black was arrested, but failed to report his arrest to his community supervision officer as required by the terms of his community supervision.

The State filed a motion to revoke Black's community supervision, alleging two violations of the terms and conditions of his community supervision based on his possession of marijuana and failure to report his arrest to his supervising officer within five days. Black pleaded "not true" to the allegations, and a revocation hearing was held. At the conclusion of the hearing, the trial court found that Black violated both of these conditions of his community supervision, adjudicated him guilty of possession of marijuana in relation to his 2008 guilty plea, and sentenced him to 24 months' confinement. According to Black, subsequently he was indicted for possession of marijuana in an amount less than two ounces as a result of his February 2012 arrest and, after trial, a jury acquitted him of that charge.[2]

## *Discussion*

In two issues, Black complains the trial court abused its discretion because the evidence is legally insufficient to establish that Black committed the offense of possession of marijuana and the trial court violated Black's constitutional right to due process by enforcing the condition of his community supervision requiring him to report any arrests to his community supervision officer within five days. We

---

[2] The indictment and judgment from the February 2012 arrest are not part of our record on appeal.

3

review the trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a community supervision revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his community supervision. *Id.* The State satisfies this burden of proof when the greater weight of credible evidence before the trial court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of community supervision. *Id.* Proof of a single violation is sufficient to support a revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Thus, to prevail on appeal, Black was required to challenge successfully all of the findings that support the revocation order. *See id.*

## I. Legally Sufficient Evidence That Black Possessed Marijuana

In his first issue, Black challenges the legal sufficiency of the evidence supporting the trial court's finding that Black possessed marijuana during his community supervision. To prove Black committed this offense, the State was required to show by a preponderance of the evidence that Black "knowingly or intentionally possesse[d] a usable quantity of marijuana." Tex. Health & Safety Code § 481.121(a). In that connection, the State was required to establish that Black exercised control, management, or care over the marijuana and knew it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Black's connection with the drug must be more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006). Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Id*. at 162. Presence or proximity, when combined with other evidence, either direct or

4

circumstantial (e.g., "affirmative links"), can establish possession.[3] *Id.* The logical force of all of the evidence—not the number of affirmative links—is dispositive. *Id.* In the context of a charge of possession of a controlled substance, the following affirmative links, among others, have been considered in other cases: (1) the accused was the owner of the place where the contraband was found; (2) the physical condition of the accused indicated recent consumption of the contraband in question; (3) conduct by the accused indicated a consciousness of guilt; (4) the accused made furtive gestures; (5) the accused was observed in a suspicious area under suspicious circumstances; (6) the contraband was found in close proximity to the accused; (7) the accused made incriminating statements connecting himself to the contraband; and (8) the contraband was recovered from an enclosed space. *See Muckleroy v. State*, 206 S.W.3d 746, 748 n.4 (Tex. App.—Texarkana 2006, pet. ref'd) (citing *Lassaint v. State*, 79 S.W.3d 736, 740–41 (Tex. App.—Corpus Christi 2002, no pet.)); *see also Evans*, 202 S.W.3d at 162 n.12 (listing similar affirmative links recognized by courts of appeals); *Tucker v. State*, 183 S.W.3d 501, 510 (Tex. App.—Fort Worth 2005, no pet.) (same).[4]

---

[3] The "affirmative links rule" is designed to protect the innocent bystander from conviction based solely on fortuitous proximity to someone else's drugs. *Poindexter*, 153 S.W.3d at 406. Thus, when the accused is not in exclusive possession of the place where the substance is found, there must be additional independent facts and circumstances which affirmatively link the accused to the contraband. *Id.* We note that Black owned the vehicle and was its sole occupant. Knowledge of the presence of contraband may be inferred from control over the vehicle in which the contraband is concealed. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd); *Castellano v. State*, 810 S.W.2d 800, 806 (Tex. App.—Austin 1991, no writ). Courts have cautioned, however, that when the contraband is found in hidden compartments in a vehicle, reliance should not be placed solely upon control of the vehicle to show knowledge. *Menchaca*, 901 S.W.2d at 652; *Castellano*, 810 S.W.2d at 806. Thus, we must look to additional factors indicating knowledge such as circumstances indicating a consciousness of guilt on the part of the defendant. *Menchaca*, 901 S.W.2d at 652; *Castellano*, 810 S.W.2d at 806. Accordingly, we will examine all the evidence affirmatively linking Black to possession of marijuana.

[4] The above list is not exhaustive. However, the absence of various affirmative links does

The affirmative links discussed above all were present here.   Black owned,[5] drove, and was the sole occupant of the vehicle in which the marijuana was found. The officer testified that Black had physical characteristics indicating recent consumption of marijuana, including having dilated pupils and red and inflamed eyes.   Additionally, Black appeared nervous, sprayed cologne in his car as the officer approached, made an unsolicited comment that he would not consent to a search of his vehicle, did not respond to questioning, gestured furtively, and initially refused to exit his vehicle.   Black was in a suspicious area under suspicious circumstances because he was speeding at approximately 1:00 a.m., and before the officer stopped him, he had parked in front of a closed convenience store in a high-crime area.   Furthermore, the marijuana was concealed in multiple layers of bags.   From these facts, the trial court reasonably could have inferred that Black knew the marijuana was in the trunk of his car.[6]

Black argues his acquittal after the revocation hearing shows that the trial court abused its discretion in finding that Black possessed marijuana.[7]   We do not agree.   A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to revoke community supervision is not the same.   *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim.

---

not constitute evidence of innocence to be weighed against the affirmative links that are present. *Evans,* 202 S.W.3d at 162.

[5] The officer testified she ran "his" license plate, referring to Black.   From that testimony, the trial court reasonably could have inferred that Black owned the vehicle.

[6] Black tested negative on a urinalysis for marijuana use approximately three weeks after his arrest.   The officer testified this type of test usually gives a positive result until six weeks after marijuana use.   Black, however, was not charged with use of marijuana.   The trial court reasonably could have inferred that Black's actions indicated use of another substance or that he was nervous because he knew of the contents in the trunk of his car.

[7] As stated above, the judgment of acquittal is not part of our record on appeal.

App. 2013). A defendant may be acquitted of a criminal offense and still have his or her community supervision revoked. *See Polk v. State*, 729 S.W.2d 749, 750 n.1 (Tex. Crim. App. 1987) (noting, in a case where evidence was insufficient to prove theft, that evidence might not be insufficient to support a finding of "true" to a motion to revoke community supervision because "the standard of proof in a revocation proceeding is proof by a preponderance, rather than beyond a reasonable doubt, as in a criminal trial"); *see also Ex parte Lane*, 806 S.W.2d 336, 339 (Tex. App.—Fort Worth 1991, no writ) ("[A]n acquittal of a charged offense would not bar a subsequent revocation of probation based on the same allegation.").

We conclude the greater weight of credible evidence before the trial court supports the trial court's reasonable belief that it is more probable than not that Black violated a condition of community supervision by possessing marijuana. We overrule Black's first issue.

## II. No Abuse of Discretion in Revoking Community Supervision

In his second issue, Black challenges the propriety of one of the conditions of his community supervision as violative of the Due Process Clauses under the Fifth and Fourteenth Amendments of the Unites States Constitution. Black bases his due process challenge on the grounds that the requirement to report any arrests to his community supervision officer within five days "goes beyond the standard terms of probation [sic] listed in the Texas Code of Criminal Procedure,"[8] is "unnecessary" because Black's supervising officer received notice of his arrest from the police, and

---

[8] The Code of Criminal Procedure requires a trial court to "determine the conditions of community supervision" and allows a trial court to "impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. art. 42.12, § 11(a). The Code includes a nonexclusive list of standard conditions of community supervision. *Id*.

is "unduly harsh" because defendants in jail often cannot make multiple phone calls and choose to call family members or loved ones instead of their community supervision officers. This challenge pertains to only one of the alleged violations of the terms and conditions of Black's community supervision.

We need not decide whether Black's contentions with regard to due process are correct. The trial court did not abuse its discretion because it found by a preponderance of the evidence that Black violated a condition of his community supervision by possessing marijuana during his community supervision. *See Garcia*, 387 S.W.3d at 26 (holding even if proof of revocation based on one ground was not supported by the record, "proof of a single violation will support revocation"); *see also Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd) (same). Black has not successfully challenged that finding in support of revocation. We overrule Black's second issue.

We affirm the judgment of the trial court.


/s/ Martha Hill Jamison
Justice

Panel consists of Justices Boyce, Jamison, and Busby.
Publish—TEX. R. APP. P. 47.2(b).