**Affirmed and Memorandum Opinion filed April 1, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00211-CR

**RANDY NUNEZ MASSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Cause No. 2009R-0113**

## M E M O R A N D U M   O P I N I O N

Appellant Randy Nunez Masson appeals his conviction for possession of marijuana complaining that the evidence is insufficient to support the conviction. We affirm.

### Background

In late 2008, early 2009, Sergeant Virgil Price of the Austin County Sheriff's Department received information that a certain location could possibly be

a site for growing marijuana. With help from the Drug Enforcement Administration, Price installed a hidden camera so that he received a live feed of activity at the property, located at 4558 Orange Hill Road. Located on the property are a house and a 40-by-80-foot metal building with two large roll-up doors and one entrance door on the side. The metal building is serviced by a separate electrical line from the house.

As Price watched the video feed from the hidden camera he observed that appellant was the only individual who lived in the house. Several times he saw appellant go from the house to the metal building, enter the building, close the door, and stay in the building for 30 to 40 minutes at a time. Price observed that electricity had been turned on for the building and the electrical usage continued to go up each month. Price did not observe appellant remove anything from the building, nor did he observe repair work on vehicles, or farming or ranching operations.

In March 2009, Price and other officers went to the property to execute a search warrant. While at the location, Price conducted a traffic stop of a vehicle in which appellant, Mario Garcia, and Michael Castro were riding. Price and other officers executed the search warrant on the metal building and observed that the building was divided into four rooms. In the first room they discovered building materials, saws, ladders and a bucket, which contained scrap marijuana. In the other three rooms the officers found marijuana plants and transformers to power the lights used to grow the marijuana. Officers also discovered bottles of plant food, box fans and a calendar, which contained instructions on caring for the plants. The lights were activated through the use of timers. The building, which Price determined to be a marijuana grow house, was cooled by three large air-conditioning units.

When officers searched the house where appellant lived, they found a calendar identical to the one hanging on the wall of the metal building. The calendar in the house also contained instructions for the care of marijuana plants. Officers also found prescription bottles, mail, and animal shot records with appellant's name and the Orange Hill address printed on them.

The marijuana was cut and transported to the Department of Public Safety Office in Houston, where it was dried and weighed. The total weight was 29.6 pounds.

A fingerprint expert testified that a fingerprint taken from one of the lighting timers in the metal building matched that of appellant's middle finger on his left hand. Appellant was convicted of possession of a controlled substance and sentenced to ten years in prison.

## Discussion

In a single issue, appellant complains the evidence is insufficient to support his conviction.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *see also Atkins v. State*, 402 S.W.3d 453, 459 (Tex. App.— Houston [14th Dist.] 2013, pet. ref'd). We do not sit as the thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Atkins*, 402 S.W.3d at 459. Rather, we defer to the factfinder to fairly

resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Isassi*, 330 S.W.3d at 638; *Atkins*, 402 S.W.3d at 459. Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Atkins*, 402 S.W.3d at 459.

We measure evidentiary sufficiency against the "elements of the offense as defined by the hypothetically correct jury charge for the case." *Fuller v. State*, 73 S.W.3d 250, 252 (Tex. Crim. App. 2002). To prove appellant committed this offense, the State was required to show beyond a reasonable doubt that he knowingly or intentionally possessed between five and fifty pounds of marijuana. Tex. Health & Safety Code § 481.121(b)(4). In that connection, the State was required to establish that appellant exercised control, management, or care over the marijuana and knew it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Appellant's connection with the contraband must be more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Id*. at 162.

Presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "affirmative links"), can establish possession. *Id*. The logical force of all of the evidence—not the number of affirmative links—is dispositive. *Id*. In the context of a charge of possession of a controlled substance, the following affirmative links, among others, have been considered in other cases: (1) the accused was the owner of the place where the contraband was found; (2) the physical condition of the accused indicated recent consumption of the contraband in question; (3) conduct by the accused indicated a consciousness of guilt; (4) the

4

accused made furtive gestures; (5) the accused was observed in a suspicious area under suspicious circumstances; (6) the contraband was found in close proximity to the accused; (7) the accused made incriminating statements connecting himself to the contraband; and (8) the contraband was recovered from an enclosed space. *See Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Appellant argues that the evidence is insufficient to link him to the marijuana because he was not in exclusive control of the property and no marijuana was found on his person when he was arrested. Appellant points to evidence that the property was owned by Guillermo Pineda, in whose name the electricity was billed, and Mario Garcia had access to the entire property. Appellant also argues that, although Price saw him enter and exit the grow house, Price did not know what appellant was doing inside.

The record reflects that a large quantity of live plants were recovered, which, when dried and stripped, amounted to almost thirty pounds of a usable quantity of marijuana. Appellant was living on the property and appellant was the individual Price observed going in and out of the metal building. Price described the grow house as, in his experience, a sophisticated operation that would require daily care. The contraband was in plain view in the grow house and readily accessible to appellant. Officers also discovered one of appellant's fingerprints inside the grow house on lighting equipment designed to aid in growth of the marijuana plants. These facts amply support a conclusion that, when appellant was inside the grow house, he possessed the narcotics and knew it to be contraband. *See Wright v. State*, 411 S.W.3d 813, 820–21 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (considering as affirmative links large quantity of live plants conveniently accessible to defendant where two of defendant's fingerprints were found on lighting equipment devoted to hydroponic cultivation of marijuana). In addition,

5

appellant was leasing the house, had a key to the house and the gate, and had personal items in the house with the home's address. A calendar was found in the house which matched a calendar in the grow house; both calendars contained instructions for the care and feeding of the marijuana plants.

Viewing the evidence in the light most favorable to the verdict, a trier of fact reasonably could have determined beyond a reasonable doubt that the grow house and contraband recovered from it were within appellant's actual custody, control, care, or management and that appellant knew the substance was contraband. *See Gregory v. State*, 159 S.W.3d 254, 260 (Tex. App.—Beaumont 2005, pet. ref'd) (concluding that odor and large quantity of contraband in plain view in an enclosed place, along with an accused's fingerprints associated with the contraband were sufficient affirmative links to establish possession). We overrule appellant's sole issue and affirm the trial court's judgment.

/s/     Martha Hill Jamison
Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).