**Affirmed and Memorandum Opinion filed July 17, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00261-CR

**BREALAND DWAYNE COMBS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1287840**

## MEMORANDUM OPINION

Appellant was convicted of possessing more than four grams of cocaine with intent to deliver. Punishment was assessed at twenty-five years' imprisonment. On appeal, the only question is whether the evidence is sufficient to support the conviction. We conclude that it is and affirm the judgment of the trial court.

## BACKGROUND

Appellant was arrested during a "buy-bust" operation. In December 2010, an undercover officer with the Houston Police Department made contact with a drug dealer, Giovanni Cabrera, at a gas station near Hobby Airport. The officer indicated that he was looking to buy crack cocaine. Cabrera agreed to obtain the drugs in exchange for forty-five dollars. The officer gave Cabrera the money in three marked bills, then Cabrera contacted his supplier.

Ten to fifteen minutes after the call, appellant arrived at the gas station and made a hand-to-hand transaction with Cabrera. Cabrera then delivered the officer a package containing approximately 0.4 grams of crack. The officer gave the signal that drugs had been delivered, which prompted marked patrol units to arrive on scene. Uniformed police officers arrested Cabrera without incident, but appellant ran off on foot. As he fled, appellant dropped a package near the gas pumps containing more than four grams of crack. Appellant was apprehended at a nearby motel, where he was hiding on a second floor balcony. The three marked bills were found in his possession.

## ISSUES PRESENTED

Appellant has filed two briefs in this case, one through his court-appointed lawyer, and the other written in his own hand. We do not consider the arguments presented in appellant's self-written brief because appellant is not entitled to hybrid representation. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004). Looking only at the arguments raised by appellant's lawyer, we consider the following issues presented: whether the evidence is legally and factually sufficient to support the jury's verdict.

**STANDARD OF REVIEW**

We review factual sufficiency challenges under the same standard for legal sufficiency challenges. *See Griego v. State*, 337 S.W.3d 902, 903 (Tex. Crim. App. 2011) (per curiam). When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

**ANALYSIS**

To support a conviction for possession with intent to deliver, the State must prove each of the following elements: (1) the defendant exercised care, custody, control, or management over a controlled substance; (2) the defendant intended to deliver the controlled substance to another; and (3) the defendant knew that the substance in his possession was a controlled substance. *See* Tex. Health & Safety Code §§ 481.002(38), 481.112(a); *Parker v. State*, 192 S.W.3d 801, 805 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). When the defendant is not in exclusive possession of the place where the controlled substance is found, the State must also

3

show that the defendant is affirmatively linked to the controlled substance. *See Haggerty v. State*, 429 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

Appellant asserts that there is insufficient proof of intent to deliver because there was no testimony that the large bag of cocaine was comprised of smaller, individualized baggies. But, packaging is not the exclusive means of proving intent to deliver. Intent can also be inferred by a person's conduct and surrounding circumstances. *See Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009).

Here, the jury heard testimony that appellant dropped a bag containing more than four grams of crack cocaine. The undercover officer testified that the bag contained a "very large" quantity of drugs that would be too much for personal use. Based on his own experience in narcotics investigations, the officer stated the drugs would be divided for sale, and served to approximately twenty-five people. From this evidence, a rational jury could have found that appellant possessed the drugs with the intent to deliver.

A rational jury could also infer intent to deliver because the record supports a finding that appellant actually delivered crack cocaine in this case. The undercover officer testified that he gave three marked bills to Cabrera in exchange for crack. Cabrera placed a call for the drugs, and minutes later, appellant arrived on scene and made a hand-to-hand transaction with Cabrera. Shortly after that, the officer received a small 0.4-gram rock of crack cocaine from Cabrera. The jury could have determined that appellant delivered the small rock in exchange for the three marked bills, which were later recovered on appellant's person.

Appellant further asserts that the State failed to show that he was affirmatively linked to the large bag of crack cocaine. Appellant bases this complaint on the State's failure to obtain appellant's fingerprints on the bag.

4

An affirmative link generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *See Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Courts have identified the following factors that may help to show a defendant's affirmative links to a controlled substance: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the controlled substance; (4) whether the defendant was under the influence of a controlled substance when arrested; (5) whether the defendant possessed other contraband or controlled substances when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the controlled substance was found; (12) where the location of the controlled substance was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of defendant indicated a consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). No set formula necessitates a finding of an affirmative link sufficient so support an inference of knowing possession. *See Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Affirmative links are established by the totality of the circumstances. *See Wootton v. State*, 132 S.W.3d 80, 87 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The number of factors present is not as important as the logical force the factors create to prove the defendant knowingly possessed the controlled substance. *See Black v. State*, 411 S.W.3d 25, 28–29 (Tex. App.— Houston [14th Dist.] 2013, no pet.).

The evidence showed that appellant dropped a plastic bag as he was running from police. The jury heard testimony that a plastic bag containing more than four grams of crack cocaine was recovered in the exact spot where appellant was observed to have dropped something. Even without fingerprints, the evidence was sufficient to affirmatively link appellant to the drugs that were recovered. Based on the testimony that appellant discarded the plastic bag in his flight from police, the evidence was also sufficient to show that appellant knew he was possessing a felony quantity of crack cocaine. *See Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994) (evidence of flight is circumstantial evidence of guilt). We conclude that a rational jury could have found every element of the offense beyond a reasonable doubt.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).