**Affirmed and Memorandum Opinion filed September 25, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00917-CR

---

**PRENTIS DEAN COOPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1370198**

---

## M E M O R A N D U M   O P I N I O N

Appellant Prentis Dean Cooper appeals his conviction for possession of cocaine. *See* Tex. Health & Safety Code § 481.115(b). In a single issue appellant argues the evidence is insufficient to support the conviction. We affirm.

### BACKGROUND

On the night of December 5, 2012, Officers Jacobs and Lacy of the Houston Police Department were patrolling Jensen Drive when they observed a van parked

near a church with two men sitting behind the van. Jacobs stopped his patrol vehicle and exited to check on the men. When he walked toward the men Jacobs saw appellant sitting in the driver's seat of a white Mitsubishi Galant that was parked on the sidewalk. Jacobs observed appellant make "an overt movement towards the center console." Jacobs asked Lacy to speak with the two men sitting behind the van while he approached appellant in the vehicle. Jacobs testified that he was suspicious of appellant because appellant had made a furtive movement and Jacobs could not see his hands. As Jacobs approached the car he used his flashlight and saw a rock of crack cocaine on the center console of the car. When Jacobs saw the cocaine he asked appellant to step out of the car. Appellant got out of the car; Jacobs detained him in handcuffs, and patted him down for weapons. After completing an inventory search of the car, Jacobs found a crack pipe with a crack rock inside of it in the center console. He also recovered two rocks of crack cocaine from under the driver's seat. Appellant denied the drugs belonged to him. A check of the car revealed that it was not registered in appellant's name.

Officer Charles Mann testified that approximately six weeks earlier, on October 22, 2012, he executed a traffic stop on the white Mitsubishi Galant, which was the same vehicle as the one in which Jacobs observed appellant. Appellant was the driver of the car, but was driving without a driver's license. Appellant explained to Mann that the car did not belong to him, but he had been using the car.

John Taylor, appellant's employer, testified on appellant's behalf. Taylor testified that he owned the white Mitsubishi Galant and that he frequently lent it to his employees to be used in his handyman business. When the car is returned to him he frequently finds items that were left in the car by his employees. Taylor testified the car's windows are tinted, and he did not know who placed cocaine in

2

the vehicle.

Michael Harris, who was one of the men sitting behind the van, testified that he had not seen anyone but appellant drive the car. Occasionally, if appellant "had a little too much to drink," he would sleep in the car.

## DISCUSSION

In a single issue, appellant complains the evidence is insufficient to support his conviction.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *see also Atkins v. State*, 402 S.W.3d 453, 459 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). We do not sit as the thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Atkins*, 402 S.W.3d at 459. Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Isassi*, 330 S.W.3d at 638; *Atkins*, 402 S.W.3d at 459. Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Atkins*, 402 S.W.3d at 459.

To prove appellant committed this offense, the State was required to show beyond a reasonable doubt that appellant knowingly or intentionally possessed less

than one gram of cocaine. Tex. Health & Safety Code § 481.115(b). In that connection, the State was required to establish that appellant exercised control, management, or care over the cocaine and knew it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Appellant's connection with the contraband must be more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Id*. at 162.

Presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "affirmative links"), can establish possession. *Id*. The logical force of all of the evidence—not the number of affirmative links—is dispositive. *Id*. In the context of a charge of possession of a controlled substance, the following affirmative links, among others, have been considered in other cases: (1) the accused was the owner of the place where the contraband was found; (2) the physical condition of the accused indicated recent consumption of the contraband in question; (3) conduct by the accused indicated a consciousness of guilt; (4) the accused made furtive gestures; (5) the accused was observed in a suspicious area under suspicious circumstances; (6) the contraband was found in close proximity to the accused; (7) the accused made incriminating statements connecting himself to the contraband; and (8) the contraband was recovered from an enclosed space. *See Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In this case appellant was in possession and control of the vehicle and the sole occupant of the vehicle. Although appellant was not the owner of the vehicle, he had previously been stopped by police while driving the vehicle, the owner testified he lent the vehicle to appellant, and a witness testified that he had never seen anyone else driving the vehicle and that appellant sometimes slept in the vehicle. Therefore, appellant was linked to the vehicle despite the facts that he did

4

not own the vehicle and other people may have had the right to use the vehicle.

In addition to appellant's control over the vehicle, there are other factors that affirmatively link appellant to the cocaine, including: (1) appellant's sole occupancy of the vehicle when the cocaine was found; (2) the cocaine was accessible to appellant because it was located on top of the center console next to the driver's seat; (3) appellant made a furtive gesture when the police officers stopped their patrol car; (4) upon further search more cocaine was found under the driver's seat and in the center console; and (5) the interior of the vehicle was an enclosed space.

Appellant argues it was impossible for Officer Jacobs to see a single crack rock on the center console when he viewed it through the dark tint of the vehicle at night, or, in the alternative, that it could not have been immediately apparent to Jacobs that the substance he saw was cocaine. Appellant argues therefore that Jacobs' observation of the cocaine on the console did not meet the "plain view doctrine" requirements.

Appellant relies on general authority about the plain view doctrine, which permits a police officer to seize anything he has probable cause to believe constitutes contraband. *See State v. Dobbs*, 323 S.W.3d 184, 187 (Tex. Crim. App. 2010). A finding that the evidence was seized in violation of the plain view doctrine affects admissibility of evidence, not sufficiency of the evidence to support a conviction. *See* Tex. Code Crim. Proc. art. 38.23(a) (no evidence obtained in violation of Constitution or law shall be admitted in evidence against the accused).

In this case, however, appellant did not challenge the admissibility of the evidence and whether it was properly seized in plain view. Appellant seems to challenge the credibility of Jacobs' testimony that he saw the rock of crack cocaine

in plain view. In reviewing the sufficiency of the evidence, however, we do not reevaluate the credibility of the witnesses. *See Isassi*, 330 S.W.3d at 638. Therefore, the question of Jacobs' credibility when he testified that he saw the rock of crack cocaine with his flashlight through the tinted windows was resolved by the jury.

We hold that a reasonable jury could conclude from the evidence presented that appellant knowingly exercised possession and control over the cocaine. Accordingly, the evidence is sufficient to support the conviction. We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

/s/    John Donovan
Justice

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).