

# IN THE
## TENTH COURT OF APPEALS

### No. 10-15-00068-CR

**JULIAN CRUZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court
Johnson County, Texas
Trial Court No. F48700**

## MEMORANDUM  OPINION

In one issue, appellant, Julian Cruz, challenges his conviction for unlawful possession of a controlled substance—cocaine—in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). Specifically, Cruz contends that the evidence is insufficient to link him to the cocaine that was found on the ground next to his pickup truck. Because we conclude that the logical force of the evidence demonstrates that Cruz knowingly possessed the cocaine, we affirm.

## I. BACKGROUND

Here, Cruz was charged by indictment with unlawful possession of a controlled substance—cocaine—in an amount less than one gram. *See id.* Also included in the indictment were enhancement paragraphs referencing Cruz's prior felony convictions for burglary of a habitation.

At the conclusion of the guilt-innocence phase, the jury found Cruz guilty of the charged offense. During the punishment phase, Cruz pleaded "true" to the enhancement paragraphs contained in the indictment. The jury subsequently sentenced Cruz to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice with a $10,000 fine. The trial court certified Cruz's right of appeal, and this appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Cruz contends that the evidence is insufficient to establish that he was in possession of the cocaine that was found on the ground next to his pickup truck. We disagree.

### A. Standard of Review

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could

have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four

things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2015) (defining "[p]ossession" as "actual care, custody, control, or management"). Possession is not required to be exclusive. *See Evans*, 202 S.W.3d at 162 n.12; *see also Sellers v. State*, No. 10-14-00226-CR, 2015 Tex. App. LEXIS 4702, at *4 (Tex. App.—Waco May 7, 2015, pet. ref'd) (mem. op., not designated for publication).

## B.    Applicable Law

When the defendant is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must link the defendant to the substance in such a way that it can reasonably be concluded that the defendant possessed the substance and had knowledge of it. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Id.* 405-406 (quoting *Brown v.*

*State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).  Evidence that links the defendant to the controlled substance suffices for proof that he possessed it knowingly.  *Brown*, 911 S.W.2d at 747.

A link generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it.  *See Brown*, 911 S.W.2d at 747; *see also Santiesteban-Pileta v. State*, 421 S.W.3d 9, 12 (Tex. App.—Waco 2013, pet. ref'd).  Courts have identified the following factors that may link a defendant to a controlled substance: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the controlled substance; (4) whether the defendant was under the influence of a controlled substance when arrested; (5) whether the defendant possessed other contraband or controlled substances when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the controlled substances were found; (12) where the location of the controlled substance was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.  *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).  The number of factors present is not as important as the logical force the

factors create to prove the defendant knowingly possessed the controlled substance. *See*

*Black v. State*, 411 S.W.3d 25, 28-29 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

**C.     Discussion**

At approximately 1:10 a.m. on June 4, 2014, Cody Moss, a patrol officer with the

Keene Police Department, pulled over Cruz after running the license plates on Cruz's

pickup truck and discovering that Cruz had outstanding warrants. After initiating the

traffic stop, Officer Moss approached the pickup truck, identified Cruz as the driver,

determined that Cruz owned the vehicle, and identified the vehicle's passenger as Cruz's

girlfriend, Debra Thomas. Officer Moss then confirmed that the arrest warrants for Cruz

were valid and asked Cruz to exit and step to the rear of the vehicle. Cruz was

subsequently placed under arrest and escorted to the back of Officer Moss's patrol car.

Thereafter, Officer Moss returned to the pickup truck to speak with Thomas.[1]

While Officer Moss spoke with Thomas, a second police officer, Sergeant Clifford Krieger,

---

[1] Officer Moss testified that the first thing Thomas told him was: "I don't have nothing on me." The defense characterized this statement as odd and argued that the cocaine was really Thomas's. And as stated in his brief, appellant criticizes the State's position that Thomas's "allegedly Brobdingnagian girth and sloth-like speed" would have made it extremely difficult for Thomas to reach over the center console and the driver's seat to drop the baggie of cocaine on the ground near the driver's side door.

In any event, with its guilty verdict, the jury clearly disbelieved Cruz's argument that the cocaine was Thomas's—a resolution of the evidence to which we must defer. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (stating that it is within the province of the factfinder to judge the credibility of the witnesses); *see also Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008) (noting that because the resolution of conflicting testimony is within the province of the factfinder, appellate courts must defer to the jury's resolution of conflicts in the evidence); *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.—Dallas 2010, pet. ref'd) ("An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in a better position to judge.").

arrived and pulled behind Officer Moss's patrol car. Sergeant Krieger examined the scene and noticed on the ground on the driver's side of the pickup truck a red lighter and a cellophane baggie containing a crystal, rock-like substance that he believed to be rock cocaine.[2] Sergeant Krieger testified that these items were lying next to each other and directly below the driver's side door. Later, Cruz admitted that the lighter was his; that he kept a red lighter in his lap while he drove; and that the lighter fell onto the ground when he exited the pickup truck. However, Cruz denied that the cocaine was his.

Police also inventoried the pickup truck and discovered in the center console apparent drug paraphernalia—a blue-handled spoon—that was lying next to a small trinket. Inside the trinket was a plastic baggie that contained a powdery substance later identified as cocaine.

Based on our review of the record, we conclude that the evidence is sufficient to support the jury's finding that Cruz possessed the cocaine found on the ground outside of his pickup truck. This conclusion is premised on the following: (1) the cellophane baggie of cocaine was found just beneath the driver's side door of the pickup truck that Cruz was driving; (2) the cocaine was located next to Cruz's red lighter that fell from his lap onto the ground when he exited the vehicle; (3) Officer Moss noted at the scene of the traffic stop that he did not see anything on the ground when he first approached Cruz's

---

[2] Lab tests confirmed that the crystal, rock-like substance found on the ground below the driver's side door was indeed cocaine.

pickup; (4) Sergeant Krieger stated that the location of the traffic stop was not known for drug use; (5) officers also found drug paraphernalia and additional cocaine inside the center console of Cruz's pickup truck; and (6) Cruz denied that the cocaine was Thomas's.

In light of this evidence, we cannot say that Cruz's connection to the cocaine was merely fortuitous. *See Poindexter*, 153 S.W.3d at 405-06. Rather, the evidence links Cruz to the cocaine. *See Evans*, 202 S.W.3d at 162; *Poindexter*, 153 S.W.3d at 405; *Brown*, 911 S.W.2d at 747; *see also Black*, 411 S.W.3d at 28-29. Accordingly, viewing the evidence in the light most favorable to the jury's verdict, we hold that the evidence is sufficient to support Cruz's conviction for unlawful possession of a controlled substance in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894. We overrule Cruz's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Chief Justice Gray concurring)*
Affirmed
Opinion delivered and filed August 10, 2016
Do not publish
[CR25]

*(Chief Justice Gray concurs in the judgment.  A separate opinion will not issue.)

