

NUMBER 13-18-00649-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALBERTO MORENO JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 377th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Alberto Moreno Jr. appeals his convictions for (1) manufacture or delivery of a controlled substance in penalty group 1 in an amount of four grams or more but less than 200 grams, namely methamphetamine; and (2) manufacture or delivery of a controlled substance in penalty group 1 in an amount of four grams or more but less

than 200 grams, namely cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.112(a), (d). In his sole issue, appellant argues that the evidence was insufficient to support the convictions. We affirm.

## I. BACKGROUND

Appellant was indicted on June 14, 2018, on four counts: (1) manufacture or delivery of a controlled substance in penalty group 2 in an amount of four grams or more but less than 400 grams, namely amphetamine; (2) manufacture or delivery of a controlled substance in penalty group 2 in an amount of four grams or more but less than 400 grams, namely synthetic marijuana; (3) manufacture or delivery of a controlled substance in penalty group 1 in an amount of four grams or more but less than 200 grams. namely methamphetamine; and (4) manufacture or delivery of a controlled substance in penalty group 1 in an amount of four grams or more but less than 200 grams, namely cocaine. *See id.* §§ 481.102, 481.103, 481.112(a), (d), 481.113(a), (d). For punishment enhancement purposes, the indictment also alleged that appellant had a prior felony conviction. Prior to trial, the State abandoned counts one and two, proceeding only on counts three and four.

The State presented eight witnesses, seven from the Victoria County Sheriff's Office and one from the Texas Department of Public Safety Crime Lab. The testimony of these witnesses established that the drugs at issue were found in a vehicle in which appellant was riding as a passenger. Appellant testified on his own behalf as the only witness for the defense. He was found guilty of the remaining counts. The jury found the enhancement allegation true and sentenced appellant to thirty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II.   LEGAL SUFFICIENCY

By his sole issue, appellant argues that the evidence was insufficient to support the convictions.  Specifically, appellant contends that he "only had .3 grams of cocaine and zero meth" on his person and that the drugs found in the vehicle were not in his possession.  Appellant does not dispute the amount of cocaine and methamphetamine located in the vehicle in which he was a passenger, nor does he dispute that the substances were in fact cocaine and methamphetamine.  On appeal, appellant only challenges the sufficiency of the evidence to prove the element of "possession." Accordingly, we address only appellant's contention that he was not in possession of the amounts of cocaine and methamphetamine for which he was convicted.

## A.   Standard of Review

The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution requires that a criminal conviction be supported by a rational trier of fact's findings that the accused is guilty of every essential element of a crime beyond a reasonable doubt.  *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)).

This due process guarantee is safeguarded when a court reviews the legal sufficiency of the evidence.  *Id*.  To determine whether the evidence is legally sufficient, we consider all of the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Jackson*, 443 U.S. at 319; *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). Because the jury is the sole judge of the credibility of the witnesses and of the weight to

3

be given to their testimony, we resolve any conflicts or inconsistencies in the evidence in favor of the verdict. *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

We measure the legal sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the offense for which the defendant was tried. *Id*.

## B.    Applicable Law

The State was required to prove appellant knowingly possessed with intent to deliver a controlled substance listed in penalty group 1, which includes methamphetamine and cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § §§ 481.102(3)(D), (4), 481.112(a), (d). To convict appellant as a principal actor, the State had to prove appellant "knowingly possessed" the contraband, which requires proof that he (1) exercised "actual care, custody, control, or management" over the substance and (2) knew the substance was contraband. *See id*. § 481.002(38) (definition of possession); *Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). "Deliver" means to transfer, actually or constructively, to another a controlled substance, including an offer to sell a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8). The State need not show exclusive possession of the contraband to support a conviction as a principal actor. *Robinson v. State*, 174 S.W.3d

4

320, 325 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Control over the contraband may be exercised by more than one person. *Id*.

To prove possession of a controlled substance as a party, the State must show that (1) another possessed the contraband and (2) the appellant, with the intent that the offense be committed, solicited, encouraged, directed, aided, or attempted to aid the other's possession. *Id*. at 324–25; *see also* TEX. PENAL CODE ANN. § 7.02(a)(2). To determine whether the defendant participated as a party, courts may look to events occurring before, during, and after the commission of the offense, and may rely on the defendant's actions that show an understanding or common design to commit the offense. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). Mere presence or knowledge of an offense does not make one a party to possession; instead, the evidence must show that at the time of the offense, the parties were acting together, each contributing some part towards the execution of their common purpose. *Id*.

## C. Relevant Testimony

### 1. Testimony of Sergeant Jason Boyd

Sergeant Jason Boyd of the Victoria County Sheriff's Office testified that on March 23, 2018, he conducted a traffic stop when he observed a vehicle following too closely to the vehicle in front of it. The driver of the vehicle was Juan Lopez, the passenger was Rosa Sanchez, and appellant sat in the backseat. Sergeant Boyd explained that as the vehicle was pulling over and as he approached the vehicle from the passenger side, he noticed Lopez and Sanchez moving in a "furtive" manner, making him believe the passengers were attempting to hide something or reach for something under the front

5

seat. Because of the furtive movements, he asked for a second unit to respond to the scene.

Sergeant Boyd's patrol vehicle was equipped with a dashboard camera that was operating and in use at the time of the stop. The video was admitted into evidence and played for the jury. The video shows that Sergeant Boyd approached the vehicle on the passenger side, for safety from passing traffic and to maintain his observations of the passengers. He stated that he was able to observe an open container of alcohol and beer cans on the front passenger floorboard. When the additional unit arrived, Sergeant Boyd requested that Sanchez step out of the vehicle so that he could check the passenger area for open containers. He also requested that Lopez and appellant step out of the vehicle. When appellant was exiting the vehicle, Sergeant Boyd testified that appellant was attempting to "push some object down into the seat." Sergeant Boyd stopped appellant and told him to leave the object where it was, but appellant brought it with him when he exited the vehicle. Sergeant Boyd instructed appellant to put it back in the vehicle, but again, appellant began trying to push the object into the seat. Sergeant Boyd then moved appellant away from the vehicle and began to pat him down. While Sergeant Boyd was patting appellant down to check for weapons, he asked appellant what he was trying to push into the seat and appellant told him that it was "clear." Sergeant Boyd testified that, based on his experience and training with narcotics, it was his understanding that "clear" meant crystal methamphetamine. The contents of the object were determined to be crack cocaine. During the pat down, Sergeant Boyd located a purple plastic bag and a pipe in appellant's pocket that he testified was consistent with methamphetamine use.

6

The three occupants of the vehicle were placed at the front of Sergeant Boyd's police car while the vehicle was searched. As a result of the search of the vehicle, the officers located: 14.35 grams of crack cocaine "cookies"—crack cocaine "poured from its raw state after it's been cooked"—located on the driver's side floorboard; 80.82 grams of synthetic marijuana from the front passenger area; 30 tablets of amphetamine in the glove compartment; 11.26 grams of methamphetamine, 4.49 grams of cocaine, 0.127 grams of natural marijuana, and $3,723 in cash from Sanchez's purse on the front floorboard; and a small tin containing 0.3 grams of cocaine that was initially in appellant's possession, a digital scale, and several small unused baggies from the rear passenger compartment of the vehicle. Appellant, Lopez, and Sanchez were arrested.

While officers were processing the scene, 3.62 grams of cocaine were found on the ground near Sergeant Boyd's patrol vehicle in the vicinity of where appellant and Sanchez were standing. Boyd further testified that his experience led him to believe the narcotics discovered were not for individual use but were intended to be sold. Sergeant Boyd believed that appellant was "jointly in possession of everything in the car" based on the totality of the circumstances.

### 2. Testimony of Deputy Brad Heller

Deputy Heller of the Victoria County Sheriff's Office testified that he was called to the scene because he was driving a patrol unit capable of transferring the arrested individuals. Incident to the arrests and prior to placing the two males into the patrol unit, Deputy Heller conducted a search of appellant and Lopez. Deputy Heller stated that he asked appellant if there was anything on his person that Deputy Heller should know about.

7

Appellant told Deputy Heller he had something "in his crotch area" which Deputy Heller retrieved and identified as a small baggy containing synthetic marijuana.

### 3. Testimony of Appellant

Appellant testified on his own behalf. He testified that the day before his arrest he was in Victoria, Texas at a game room to gamble when Lopez walked in. He had not seen Lopez in approximately seven years. Lopez informed him that he was married to appellant's sister, Sanchez. Appellant stated that he had not seen or spoken to Sanchez in over a year. After gambling from the early afternoon until approximately 1:00 a.m., appellant stated that Lopez offered to drive him home; however, instead of taking him home, he brought him to Port Lavaca, Texas to visit with Sanchez and appellant's family. Appellant spent the night in Port Lavaca and the next day went with Sanchez to visit more family. Later that day, Sanchez and Lopez were driving appellant home when they were stopped by Sergeant Boyd. Appellant testified that Lopez tossed him a baggy to hide when they were being stopped, and he hid it in his pants. He stated that he was completely unaware of any drugs, drug paraphernalia, or money in the vehicle and denied any ownership of same.

Appellant admitted that the cocaine that was found on his person in the tin was his own but alleged that it was strictly for personal use. He also admitted that the glass pipe that he had was his and he used it to smoke methamphetamine, but that he did not have any methamphetamine on him at the time. While appellant had previously been convicted of delivery charges in the past, he stated that he is no longer dealing drugs, he only uses them.

8

## D.   Possession

Appellant asserts that the evidence was legally insufficient to support his convictions because he was not in possession of the drugs.   The elements of possession may be proven through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the substance was more than fortuitous. *Evans*, 202 S.W.3d at 161–62.

The Texas Court of Criminal Appeals has recognized the following non-exclusive factors as tending to establish "affirmative links" between the contraband and the defendant:  (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12; *Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  It is not the number of links that is dispositive, but the logical force of all of the combined circumstantial and direct evidence. *Evans*, 202 S.W.3d at 162.  Further, other possible links that do not exist in a case do not undermine the links that are present

9

in the case. *Id*. at 164; *Lair v. State*, 265 S.W.3d 580, 588 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). In *Tate v. State*, the court clarified that although the *Evans* factors are helpful in guiding a court's analysis, "the ultimate inquiry remains that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" 500 S.W.3d 410, 414 (Tex. Crim. App. 2016).

Appellant contends that he was only present in the vehicle in which the cocaine and methamphetamine were found, which he argues is insufficient to establish the possession element. Examining the "affirmative links" factors, we observe that appellant was in the same vehicle where the contraband was located. Some of the cocaine was found on his person, as was drug paraphernalia, including a pipe used to smoke methamphetamine. Additionally, Sergeant Boyd testified to witnessing "furtive" movements among the passengers as he stopped the vehicle and approached it. Sergeant Boyd also stated that he noticed a chemical smell which he believed to be narcotics, leading him to the discovery of the cocaine "cookies." Additional drug paraphernalia and contraband was also located in the backseat, where appellant was located in the vehicle. Much of the contraband was located within plain view. Although not all of the drugs were within appellant's physical reach, and most of the methamphetamine was located in Sanchez's purse, appellant nevertheless had access to the drugs. *See Robinson v. State*, 174 S.W.3d 320, 326 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (noting that "conveniently accessible" means that the contraband is within close vicinity of the accused and easily accessible while in the vehicle); *see also Espino-Cruz v. State*, No. 14-18-00504-CR, __ S.W.3d __, ___, 2019 WL 4621118, at *4

10

(Tex. App.—Houston [14th Dist.] Sept. 24, 2019, pet. ref'd). Furthermore, Sergeant Boyd testified that appellant told him he had "clear" or methamphetamines on his person, which turned out to be cocaine.

The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses, and juries may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial. *Jackson*, 443 U.S. at 319; *see Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). Viewing the evidence in the light most favorable to the conviction, we conclude the jury could have found the evidence beyond a reasonable doubt that appellant intentionally or knowingly possessed the methamphetamine and cocaine in question. *See Tate*, 500 S.W.3d at 418.

Appellant's sole issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of January, 2020.